## Gubernatorial Control of PUC Employes

Kane, Attorney General, Carey, Jr., Deputy Attorney General, Yakowicz, Solicitor General. April 18, 1977 — This is in reply to your inquiry regarding the effect of the Act of October 7, 1976 (No. 216), on the power of the Pennsylvania Public Utility Commission (PUC) to enter into contracts for consultants and other employes without the prior approval of the Governor.

The Governor's authority to exercise control over the various departments, agencies, boards and commissions of state government is derived from Article 4, Section 2 of the Pennsylvania Constitution, which vests in the Governor the Supreme executive power, The Administrative Code of April 9, 1929, P.L. 177, as amended, 71 P.S. §51 et seq. (code), and regulations duly promulgated pursuant thereto.

The legislature, of course, may restrict or diminish the broad, general powers accorded to the Governor, provided such restrictions do not unduly encroach upon his constitutional authority to insure that the laws are faithfully executed. Whether it has done so with respect to the Governor's right of review and approval of PUC employes requires an examination of the relevant acts of assembly.

The powers and duties of the PUC have been established by the Act of March 31, 1937, P.L. 160, 66 P.S. §452 et seq. Inasmuch as Act 216 does not totally repeal the Act of 1937, but is merely an amendment thereto, the provisions of that act remain in effect, except to the extent that they have been modified or repealed by Act 216.

Section 6(b) of the Act of 1937, 66 P.S. §457, has been repealed in its entirety. That section provided:

"The commission, *with the approval of the Governor,* shall have the power to appoint and fix the compensation of such officers, experts, engineers, statisticians, accountants, inspectors, clerks and employes as may be necessary for the proper conduct of the work of the commission: provided, That the compensation of such persons shall be fixed in accordance with the standards of compensation fixed by the Executive Board of this Commonwealth." (Emphasis supplied.)

In lieu thereof, Act 216 has substituted a new section, section 6.1, which provides:

"The commission shall have the power to appoint, fix the compensation of, authorize and delegate such officers, consultants, experts, engineers, statisticians, accountants, inspectors, clerks and employes as may be appropriate for the proper conduct of the work of the commission: Provided, That the total compensation paid to consultants in any fiscal year shall not exceed four per centum of the commission's budget. The commission shall keep records of the names of each consultant, the services performed for the commission, and the amounts expended for each consultant's services."

The apparent effect of this substitution is a rescission of the Governor's power of approval of PUC employes. However, in order to ascertain whether the legislature intended to abolish all of the gubernatorial power with respect to such employes, a review of Act 216 in its entirety is required. We note that Act 216 neither repealed nor modified section 12 of the Act of 1937, 66 P.S. §463, which provides:

"Subject to the provisions of this act, the Pennsylvania Public Utility Commission shall . . . be subject to all of the provisions of . . . [The Administrative Code] which apply generally to independent administrative boards and commissions."

In view of this provision in section 12, not only is Act 216 relevant, but also The Administrative Code as it pertains to the hiring of personnel by departments, agencies and independent commissions.

Section 214 of the Code, 71 P.S. §74, provides, in pertinent part:

"Except as otherwise provided in this section and in the Civil Service Act, the . . . independent administrative boards and commissions, shall appoint and fix the compensation of such . . . assistants and employees as may be required . . . .

"Except as otherwise provided in this section and in the Civil Service Act, the number and compensation of all employes shall be *subject to the approval by the Governor,* and, after the Executive Board shall have fixed the standard compensation of all persons in that kind, grade or class appointed hereunder, shall be fixed in accordance with such standard." (Emphasis supplied.)

Section 507 of the code, 71 P.S. §187, is also relevant to the issue. It provides, in pertinent part:

". . . any department, board or commission may:

". . .

"(4) Employ professional or skilled labor, on a temporary basis, . . . but all such employment *shall be approved by the Governor* . . . ." (Emphasis supplied.)

While Section 214 of the code is applicable to permanent employes, section 507 is limited to persons employed on a temporary basis. The Governor's authority with respect to such positions, however, is broader in scope, for not only does section 507 give the Governor the right to approve the number of employes and their compensation, but also the right to approve the particular classifications of employment, such as economists, statisticians, etc.

It is significant that although Act 216 makes reference to The Administrative Code, and specifically repeals sections 303 and 709 thereof, no reference is made in Act 216 to either section 214 or 507 of the code. It is our opinion, therefore, that insofar as the number and the compensation of PUC employes is concerned, the approval of the Governor is still required, and that with regard to temporary employes, gubernatorial approval of the job classifications is also required. To conclude otherwise would require us to find that sections 214 and 507, although not expressly repealed or modified, have been repealed by implication insofar as they pertain to the PUC. In determining whether a prior act has been so repealed, "the question is exclusively one of legislative intent. Repeals by implication are not favored and will not be implied unless there be an irreconcilable conflict between statutes embracing the same subject matter.": Kelly v. City of Philadelphia, 382 Pa. 459, 471, 115 A.2d 238 (1955).

It would be pure sophistry to suggest that there is an "irreconcilable conflict" between Act 216 and either section 214 or section 507 of the code. There

is, in fact, no conflict. Act 216 is silent as to gubernatorial approval, whereas sections 214 and 507 provide for such approval under certain circumstances. Furthermore, to conclude that those sections have been repealed by implication would violate the rule of construction enunciated by the Supreme Court in Appeal of Yerger, 460 Pa. 537, 333 A.2d 902, (1975). There the court held that where two sections of an act "are capable of a construction which allows both to operate . . . (i)n the absence of a manifestly contrary intention on the part of the Legislature, such a construction is mandatory.": Id. at 460 Pa. 543, 333 A.2d 905. Although in this particular case two separate acts are involved, they must be considered in pari materia: Statutory Construction Act of December 6, 1972, P.L. 1339, 1 Pa. C.S. §1932. As the court stated in Kelly v. City of Philadelphia, supra, "statutes in pari materia should be considered concurrently whenever possible and if they can be made to stand together effect should be given to both as far as possible.": 382 Pa. at 473, 115 A.2d at 245.

Accordingly, it is our opinion that sections 214 and 507 of The Administrative Code have not been repealed or modified insofar as they pertain to the PUC. You are, therefore, advised that the Governor, although no longer possessing the right to approve the actual persons to be employed by the PUC, retains the right to approve the number of employes and their compensation. In the case of professional or skilled labor employed in a temporary basis, the Governor possesses the additional authority to approve the job classifications of such temporary employes.